IN THE UNITED STAES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| KEVIN G. DIXON | : | 5-14-05596-JJT |
| | : | |
| | : | |
| DEBTOR(S) | : | CHAPTER 7 |

**CHAPTER 7 TRUSTEE'S OBJECTION TO DEBTOR'S SECOND
AMENDED CLAIM OF EXEMPTION FILED ON JUNE 23, 2016**

**AND NOW COMES**, the Chapter 7 Trustee, John J. Martin, by and through his attorney John J. Martin, and files this Objection to the Debtor's Second Amended Claim of Exemption as follows:

1. That the above case was commenced by the filing of a Petition for Relief under Chapter 7 of the United States Bankruptcy Code ("Code") on December 3, 2014 .

2. That your Applicant is the duly qualified and appointed Chapter 7 Trustee in this case.

3. That the Trustee believes and therefore avers that the Debtor has improperly claimed certain exemptions on his Second Amended Schedule "C" as follows:

    a) That the Debtor has claimed an exemption in the amount of $75,627.98 in "Interest in ex-wife ERISA qualified retirement acct" by virtue of 11 U.S.C. Secs. 522 (b)(3(C)) & 522 (d)(5).

    b) That the Trustee believes and therefore avers that Debtor has no 11 U.S.C. §522(d)(5) exemption remaining, as this "wild card" exemption has been previously depleted on other assets of the Debtor.

    c) That the Trustee believes and therefore avers that 11 U.S.C. §522(b)(3)(C) is not applicable in this case in that this section states: "retirement funds to the extent that those funds are in a fun or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986." The Trustee avers and therefore

believes that Debtor in the instant case did not have an interest in his ex-wife's retirement account, but only an interest in a claim for equitable distribution which at the time of the filing of the instant bankruptcy case was unresolved and no Qualified Domestic Relations Order transferring the funds to the Debtor had been executed. *See, Walsh v. Burgeson (In Re Burgeson)*, 504 B.R. 800 (Bankr. W.D.Pa.2014).

> The Court in *In Re Burgeson* held that where a debtor possesses a claim for equitable distribution at the time of filing, but no Qualified Domestic Relations Order ("QDRO") or divorce decree delineating the debtor's ownership interest in the pension plan was obtained prior to the filing of the bankruptcy petition, and the debtor was neither a participant nor named beneficiary under the pension plan but instead, possessed an interest in a claim for equitable distribution. *In re Burgeson,* 504 B.R. at 805. As such, the debtor's interest in the pension could not be excluded from the estate pursuant to ERISA and the interest was property of the estate. *Id*.

**WHEREFORE**, the Chapter 7 Trustee, John J. Martin, respectfully requests this Honorable Court Sustain the Chapter 7 Trustee's Objection to Debtor's Second Amended Claim of Exemptions as to the claim of exemption in the "Interest in ex-wife ERISA qualified retirement account" and for such other and further relief as the Court deems just and proper.

Date: June 27, 2016                                          Respectfully Submitted,

/s/ John J. Martin, Esq.
John J. Martin, Esquire
1022 Court Street
Honesdale, PA 18431
(570) 253-6899
jmartin@martin-law.net